UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAULO C. ALVARADO AMAYA,<br><br>   Petitioner,<br><br>   v.<br><br>RAY MADDEN, Warden,<br><br>   Respondents. | NO. CV 22-5904-SSS(E)<br><br>ORDER ACCEPTING FINDINGS,<br><br>CONCLUSIONS AND RECOMMENDATIONS<br><br>OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which any objections have been made.

The Court notes that, in his Objections, Petitioner argues that the cases of *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) and *Ker v. United States*, 119 U.S. 436, 444 (1886) are inapplicable to a claim regarding the violation of an extradition treaty. [Dkt. 22 at 2-3]. The Court finds that the *Frisbie* and *Ker* citations in the Report and

Recommendation are important for a thorough analysis of Petitioner's claim and, even if the Court were to set aside the reliance on the *Frisbie* and *Ker* authority, Petitioner's claim that his restraint violates the extradition treaty still does not entitle him to habeas relief. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007) (citations omitted) (in civil rights case, allegations that state officials ignored established extradition procedures and effectively kidnapped plaintiff did not invalidate plaintiff's incarceration in state to which he was extradited); *Eckert v. Tansy*, 936 F.2d 444, 450 (9th Cir. 1991) ("Eckert cannot be granted habeas corpus relief on the ground of illegal extradition.") (citation omitted)).

In addition, as to Claim Two, to the extent in his Objections Petitioner attempts to create a cognizable federal claim by arguing the state courts' lack of jurisdiction deprived him of due process, [Dkt. 22 at 5-6], "[Petitioner] may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

As to Claim Three, in his Objections Petitioner does not attempt to show that the State destroyed the evidence at issue in bad faith. [Dkt. 22 at 7-10]. Accordingly, his Objections lack merit for the reasons stated in the Report and Recommendation.

As to Claim Four, Petitioner still does not show that the defense could have presented helpful expert testimony on the time of death based on the evidence available in this case. [Dkt. 22 at 11-18]. Petitioner's speculation to the contrary is insufficient to

establish ineffective assistance of trial counsel for failing to present expert testimony. *See Grisby v.Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997) ("Speculation about what an expert could have said is not enough to establish [Strickland] prejudice."). Moreover, to the extent Petitioner faults his trial counsel for failing to present a police report summary of Ashley's statements to police, [Dkt. 22 at 18-20], his argument fails for the reasons stated in the Report and Recommendation. To the extent Petitioner now argues that he was denied his right to present a complete defense based on the fact that the jury was not presented with the police report summary of Ashley's statements, [Dkt. 22 at 20], his argument fails because he has not shown that he was prevented from presenting the police report summary at trial. Rather, Petitioner has shown only that trial counsel did not present the police report and that the trial court accepted counsels' stipulation that the jury should not see the police report summary during deliberations because it was not submitted as evidence at trial. [Dkt. 19 at 61].

Finally, as to Claim Five, Petitioner Objections, [Dkt. 22 at 21-23], fails for the reasons stated in the Report and Recommendation.

Accordingly, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. IT IS THEREFORE ORDERED that Judgment shall be entered denying and dismissing the Petition with prejudice.
///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 20, 2023.

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE